539 F.Supp. 1346 (1982)
Miles LINCOLN, Plaintiff,
v.
DISTRICT 9 OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS and Anheuser Busch, Incorporated, Defendants.
No. 82-0042C(C).
United States District Court, E. D. Missouri, E. D.
May 19, 1982.
*1347 Bernard Edelman, Clayton, Mo., for plaintiff.
Cary Hammond, Dennis Donnelly, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on the motions by defendant District 9, International Association of Machinists and Aerospace Workers (hereinafter "District 9") and defendant Anheuser Busch, Inc. for summary judgment. Both defendants contend that plaintiff's complaint is time-barred because it was not filed until nearly one year after his cause of action arose.
Plaintiff was employed by Anheuser Busch from May, 1977 to September, 1980 in the bargaining unit represented by District 9. Anheuser Busch is and was at all relevant times an "employer" within the meaning of § 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152(2). District 9 is and was at all relevant times a "labor organization" within the meaning of § 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5), and represents employee members in the Eastern District of Missouri in an industry affecting commerce. Anheuser Busch and District 9 were at all relevant times parties to a collective bargaining agreement covering certain employees, including plaintiff. The agreement contained a four-step grievance procedure culminating in binding arbitration. In this action, plaintiff alleges that Anheuser Busch violated the collective bargaining agreement with District 9 by discharging him without just cause and that District 9 breached its duty of fair representation by making an arbitrary and bad faith decision not to take plaintiff's grievance to arbitration. Jurisdiction exists pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).
The facts pertinent to defendants' statute of limitations defense are not in dispute.[1] On August 29, 1980, plaintiff was involved in an altercation at work with his supervisor, Norbert Hedkamp, while in Hedkamp's office. The following day, when he attempted to return to the Anheuser Busch plant, plaintiff was detained by an Anheuser Busch security guard, then arrested by St. Louis City Police for assaulting Hedkamp. After being released from police custody, plaintiff called his shop steward, Russ Guerdon, to explain what had happened.
*1348 On September 4, 1980, a meeting was held at Anheuser Busch between representatives of District 9 and Anheuser Busch, pursuant to step 2 of the grievance procedure in the collective bargaining agreement, to discuss plaintiff's case. Plaintiff was told at that time that he would be suspended pending an investigation. When the suspension was not lifted after the conclusion of the meeting, a formal grievance was filed. The grievance was denied by Anheuser Busch on September 15, 1980, and plaintiff's suspension was converted into a termination.
A grievance meeting was subsequently convened on September 30, 1980 as provided by step 3 of the collective bargaining agreement's grievance procedure. On October 3, 1980, Anheuser Busch again denied the grievance. The business representative of District 9, Robert Porter, sent a letter to Anheuser Busch on November 10, 1980 requesting arbitration of plaintiff's termination, the final step in the grievance process. On January 14, 1981, however, Mr. Porter notified Anheuser Busch by letter that District 9 was dropping its demand for plaintiff's reinstatement and abandoning its demand for arbitration. Plaintiff received a copy of this letter. More than eleven months later, on January 8, 1982, plaintiff initiated this action.
Congress has not enacted a statute of limitations for actions brought under § 301 of the Labor Management Relations Act. Whether a § 301 action is timely is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-705, 86 S.Ct. 1107, 1112-1113, 16 L.Ed.2d 192 (1966). Previously, the rule in this circuit was that the applicable statute of limitations in a § 301 suit brought against an employer alleging breach of a collective bargaining agreement was § 516.120, R.S. Mo., which provides that all actions on written contracts shall commence within five years. Bulter v. Local U. 823, Int. Bro. of Teamsters, 514 F.2d 442 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). Where such a suit was brought in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, the same limitations period applied to both claims. Id., 514 F.2d at 448.
This rule was changed by the Supreme Court's decision in United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In that case the court held that the appropriate limitations period for actions brought under § 301 against both a union for breach of its duty of fair representation and against an employer for breach of a collective bargaining agreement is the period during which a party could move under state law for vacation of an arbitration award.[2] This is so even where, as here, the grievance is terminated prior to final arbitration. Fields v. Babcock & Wilcox, 108 LRRM 3150, 3151 (W.D.Pa.1981).
Plaintiff's § 301 claims were triggered on January 14, 1981, when the District 9 representative advised him and Anheuser Busch that it would not demand arbitration, and his opportunity to gain reinstatement through the contractual grievance procedure was aborted. See Fields v. Babcock & Wicox, supra; Butler v. Local U. 823, Int. Bro. of Teamsters, supra at 449. At that time the applicable Missouri statute for vacation of arbitration awards was § 435.120, R.S.Mo., which required that an application to vacate or modify an award be made to the court at the next court term *1349 after publication of the award.[3] Section 478.205, R.S.Mo. provides that state circuit court terms commence on the second Mondays of February, May, August, and November. Therefore, under the Mitchell rule, plaintiff should have brought this action by February 9, 1981.
Plaintiff argues that this result is inequitable, given that the Mitchell case was not decided until April 20, 1981, more than two months later. There is considerable force to this argument. However, the Court believes that the Mitchell case should have placed plaintiff and his attorney on notice that the limitations period for his claim would be drastically shortened. After Mitchell was announced, plaintiff should have filed this action prior to the commencement of the next term of the circuit court, as directed by § 435.120, R.S.Mo. This would have been in May or, at the latest, August of 1981. Because suit was not filed until January 8, 1982, eight months after Mitchell was decided, it is therefore time-barred.[4]Compare Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, (9th Cir. 1981) (Mitchell not applied to action filed two and a half years before decision announced). Summary judgment shall, accordingly, be entered in favor of defendants District 9 and Anheuser Busch and against plaintiff.
NOTES
[1] Defendants both raised the statute of limitations issue as an affirmative defense in their answers as well as in their motions for summary judgment.
[2] In Mitchell, the court addressed the question of which state statute of limitations should be borrowed for § 301 actions, not whether such borrowing was appropriate. Id. at 60, n.1, 101 S.Ct. at 1562, n.1. However, Justice Stewart's concurrence argues that the six month limitation period of § 10 of the National Labor Relations Act, 29 U.S.C. § 160(b), and not the most analogous state limitations period should control. Because plaintiff's complaint was not filed until almost a year after his cause of action accrued, it would be barred under even this more generous rule.
[3] This was changed when Missouri enacted the Uniform Arbitration Act, § 435.350-435.470, R.S.Mo., which provides at § 435.405.2 that applications to vacate an award must be made within ninety days after delivery of a copy of the award to the applicant. This provision does not control here, however, because the Act expressly provides that it applies only to agreements made subsequent to its effective date, August 13, 1980. § 435.445, R.S.Mo. The collective bargaining agreement in this case took effect on December 21, 1978 and expired on February 28, 1982.
[4] Plaintiff alleges in this complaint the District 9 decided not to press arbitration until the criminal charges against him arising from his altercation with Hedkamp were resolved. Assuming, arguendo, that this is true, and assuming that this tolled the statute of limitations, plaintiff's complaint would nevertheless be time-barred. Plaintiff was acquitted of the criminal charges in July of 1981. District 9 asked Anheuser Busch to reinstate plaintiff on October 1, 1981, and this request was denied on October 2, 1981. Plaintiff should then have filed suit prior to commencement of the next term of the circuit court, which would have been the second Monday of November, 1981. He did not.