James ANDRES, et al., Plaintiffs,

v.

LOCAL 600, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AND CONSOLIDATED FREIGHTWAYS, INC., Defendants.

No. 82–266C(A).

United States District Court,
E.D. Missouri, E.D.

Dec. 2, 1982.

---

Stephen H. Gilmore, Christopher J. Holthaus, St. Louis, Mo., for plaintiffs.

Cary Hammond, Francis G. Slay, Robert J. Harrop, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on the separate motions of defendant, Consolidated Freightways, Inc., and defendant, Local 600, International Brotherhood of Teamsters, for summary judgment.

Plaintiffs, forty-two employees of defendant, Consolidated Freightways, Inc. (hereinafter referred to as Consolidated Freightways or the Company), who are also members of defendant, Local 600, International Brotherhood of Teamsters (herein-after referred to as Local 600), bring this action under Section 301(a) of the Labor Management Relations Act (hereinafter referred to as LMRA), 29 U.S.C. § 185(a). The complaint alleges that defendants wrongfully secured the adoption of a modification to various collective bargaining agreements by false representations regarding the financial condition of the trucking industry in St. Louis, Missouri, and by requiring the union members to vote on the modification in a manner which violated the collective bargaining agreement. The defendant union is also alleged to have violated its duty of fair representation by failing to investigate or sufficiently process plaintiffs' grievances regarding the disputed modification.

Plaintiffs seek a declaratory judgment that the modification of the collective bargaining agreement is void, and costs. No other relief is demanded.

Defendants move for summary judgment for the reason that plaintiffs' claim does not comply with the applicable statute of limitations for an action brought pursuant to 29 U.S.C. § 185. For the reasons detailed within this memorandum, both motions which are based upon identical arguments will be granted.

In order to prevail on a motion for summary judgment, the burden is on the moving party to establish beyond controversy that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Roberts v. Browning,* 610 F.2d 528 (8th Cir. 1979). As the Eighth Circuit stated in *Roberts, id.* at 531, "[s]ummary judgment is a harsh remedy and should be granted sparingly. On the other hand, courts should not be unreasonably niggardly in its use less the purpose of the rule, which is to avoid needless trials, be defeated."

The facts relevant to the processing of plaintiffs' grievance are not in dispute. Local 600 is the exclusive collective bargaining agent for both dock workers and local cartage and short-haul carriers (city drivers) employed by Consolidated Freightways at its terminal located in St. Louis, Missou-

ri. For the period from April 1, 1979, to March 31, 1982, the parties, including the international union, now dismissed, entered into collective bargaining agreements governing wages, hours and terms and conditions of employment. The agreements included the National Master Freight Agreement and the Central States Area Local Cartage Supplemental Agreement to which the plaintiff city drivers were subject. Because of alleged financial problems and nationwide market pressures effecting Consolidated Freightways' St. Louis terminal, a majority of the combined workforce, including all dock workers and city drivers, voted on March 19, 1981, to modify the existing agreements by institution of a "Break Bulk Flexible Work Week Rider" (hereinafter referred to as the Break Bulk rider). On March 26, 1981, following the vote made under protest by them, fifty-six of the city drivers filed a written grievance with the Company, arguing that they had been improperly compelled by Local 600 and the Company to vote simultaneously in the same ballot with dock workers holding a majority position. This conduct was said to violate customary practice which allegedly required the separate approval by majorities of each job classification at the terminal.

Contrary to plaintiffs' contentions in resisting this motion, it is clear that the grievance sought the same relief which is pressed in this action. In both instances, plaintiffs request reformation of the collective bargaining agreements through rescission of the Break Bulk rider. *See United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 59, 61, 101 S.Ct. 1559, 1562, 1563, 67 L.Ed.2d 732 (1981).

In accord with the requirements of their contract, the grievance joined in by the present plaintiffs was ultimately processed by the appropriate joint state committee of union and employer representatives having jurisdiction. On October 7, 1981, that committee issued its final and binding decision to deny the grievance. (Exhibit "1" to the Maier affidavit supporting the Company's motion; Exhibit "A" to the Kon affidavit supporting Local 600's motion). Plaintiffs'

business agent and shop steward Robertson, the latter a party to this action, were informed of the decision on the same day. The remaining plaintiffs were informed immediately thereafter (Robertson deposition, p. 53). This action was filed February 25, 1982, nearly five months later.

■ It is not open to question that the timeliness of an action filed under LMRA § 301 is determined, as a matter of Federal law, by reference to the most appropriate state statute of limitations. *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *see Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

■ Plaintiffs urge the Court to apply the five-year limitation period applicable to contracts in general under Mo.Rev.Stat. § 516.120. However, the Court is required to apply a different standard by existing precedent. In *United Parcel Service, Inc. v. Mitchell, supra* 56, 101 S.Ct. 1559, 67 L.Ed.2d 732, the Supreme Court upheld a district court ruling which granted summary judgment for the defendants in a Section 301 action on the ground that it was barred by New York's 90-day statute of limitations for actions to vacate arbitration awards. The Court stated at 63–64, 101 S.Ct. at 1564–65:

"It is important to bear in mind the observations made in the *Steelworkers Trilogy* that 'the grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government. * * * The processing * * * machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement.' *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581 [80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409] (1960). * * * This system, with its heavy emphasis on grievance, arbitration, and the 'law of the shop,' could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement, and even affected subsequent modifica-

tions of the agreement, could suddenly be called into question as much as six years later."

In *Lincoln v. District 9 of the International Association of Machinists and Aerospace Workers,* 539 F.Supp. 1346 (E.D.Mo. 1982), this Court held, in the course of entering summary judgment in favor of the defendant union and employer:

"Previously, the rule in this circuit was that the applicable statute of limitations in a § 301 suit brought against an employer alleging breach of a collective bargaining agreement was § 516.120, R.S. Mo., which provides that all actions on written contracts shall commence within five years. *Butler v. Local U. 823, Int. Bro. of Teamsters,* 514 F.2d 442 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). Where such a suit was brought in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, the same limitations period applied to both claims. *Id.,* 514 F.2d at 448.

"This rule was changed by the Supreme Court's decision in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In that case the court held that the appropriate limitations period for actions brought under § 301 against both a union for breach of its duty of fair representation and against an employer for breach of a collective bargaining party could move under state law for vacation of an arbitration award."

*Lincoln, id.* at 1348 (footnote omitted). Defendants correctly point to the consistent application of this standard in this and other circuits. *E.g., Davidson v. Roadway Express, Inc.,* 650 F.2d 902, 904 (7th Cir.), cert. denied 455 U.S. 947, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1981); *Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1120 (E.D.Mo.1982); *Fogel v. International Brotherhood of Teamsters, Local No. 773,* 531 F.Supp. 483, 484 (E.D.Pa.1982).

Plaintiffs' argument that no arbitration was conducted in accordance with the language contained in various sections of the former Missouri Arbitration Act, Mo.Rev. Stat. §§ 435.010–435.280 (1978) is not relevant. Even where, as in *Lincoln,* the grievance is terminated prior to final arbitration, the proper borrowing statute is the Missouri statute of limitations for vacation of arbitration awards. *Stahlman,* supra, at 1119; *Lincoln,* supra at 1348. The United States District Court for the Western District of Pennsylvania has stated that:

"The plaintiff here, indeed, asserts that jurisdiction is premised on § 301. However, plaintiff contends that the United Parcel Service, supra, analysis arises only where there is a final arbitration award. * * * We conclude that the policy spoken of applies to all stages of a grievance procedure in any collective bargaining agreement and does not restrict the application of the United Parcel Service, supra, analysis to the final arbitration stage alone. Plaintiff also argues that where the procedure is interrupted at a step prior to arbitration, there is no final action because 'the Grievant may not be aware, then, of a potential cause of action.' * * * However, plaintiff is arguing in a vacuum. Plaintiff's complaint indicates that he was aware of the adverse decision on his grievance * * *."

*Fields v. Babcock & Wilcox,* 108 LRRM 3150, 3151 (W.D.Pa.1981). Similarly, in this action the Court finds there is no genuine issue of fact that the grievance machinery was completely arrested on October 7, 1981, and that plaintiffs knew that it was.

Although Missouri recently adopted the Uniform Arbitration Act, Mo.Rev.Stat. §§ 435.350–435.470, effective August 13, 1980, containing a new 90-day statute of limitations, the proper statute to be applied in this instance is Mo.Rev.Stat. § 435.120 which governs the collective bargaining agreements here involved entered into as of April 1, 1979. *Stahlman,* supra, at 1120; *Lincoln,* supra at 1348–49. Section 435.120 requires that an application to vacate or modify an arbitration award be made at the next court term following publication of the award. Pursuant to Mo.Rev.Stat. § 478.-205, the circuit courts are deemed to com-

mence on the second Mondays in February, May, August and November of each year.

In order to be timely, plaintiffs' complaint must have been filed no later than February 7, 1982, within the term of court (beginning November 9, 1981) which followed the final and binding decision of the joint state committee denying plaintiffs' grievance. Because this suit was not instituted within that period, it is time-barred. *Stahlman,* supra at 1121; *Lincoln,* supra at 1349.

Accordingly, it is ordered that the separate motion of defendant, Local 600, International Brotherhood of Teamsters, for summary judgment be and the same is granted.

It is further ordered that the separate motion of defendant, Consolidated Freightways, Inc., for summary judgment be and the same is granted.

### ORDER

This matter is before the Court on the separate motion of the defendant, Local 600, International Brotherhood of Teamsters, for an order to compel plaintiffs to more fully respond to certain initial and all supplemental interrogatories.

The Court has this day granted summary judgment in this case, and accordingly the motion to compel is denied as moot.