**ASSOCIATION OF FRIGIDAIRE MODEL MAKERS, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, et al., Defendants.**

No. C-3-81-343.

United States District Court, S.D. Ohio, W.D.

Sept. 21, 1983.

---

David L. Hall, Dayton, Ohio, for plaintiffs.

Richard F. Rice, Joseph P. Buchanan, Dayton, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT; JUDGMENT TO BE ENTERED FOR DEFENDANTS; PLAINTIFFS' ATTORNEY GIVEN OPPORTUNITY TO RECOVER LITIGATION COSTS

RICE, District Judge.

Plaintiffs filed this lawsuit on June 24, 1981, premised on § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. They alleged that the Defendants breached labor contracts and their duty of fair representation by, *inter alia*, failing to classify Plaintiffs into new job categories and by failing to preserve their seniority. On the first day of trial in the case, the Court permitted Defendants (over Plaintiffs' objection) to raise, for the first time, the defense that Plaintiffs' suit was barred by the applicable statute of limitations. However, the Court overruled motions to dismiss on that ground. A jury ultimately found for Plaintiffs on the issue of liability, and the matter was referred to the United

States Magistrate for a hearing on the issue of damages. Said hearing was stayed pending resolution of the Defendants' motions (Docs. # 41, 43) for judgment notwithstanding the verdict, made pursuant to Fed.R.Civ.P. 50, on the grounds, *inter alia,* of the lawsuit having been filed beyond the proper statute of limitations. For the reasons set out below, the Court now sustains those motions and orders the entering of final judgment for the Defendants.

The issue of the applicable statute of limitations in a "hybrid" § 301 case, such as the within action, was open and unsettled as of the time of the trial of this case. *See, Adkins v. General Motors Corp.,* 573 F.Supp. 1188 (S.D.Ohio 1983), *appeal and cross appeal docketed after final judgment entry,* Nos. 83–3392, 83–3416 (6th Cir. June 14, 1983) (discussing conflicting lines of authority). This issue has now been authoritatively and conclusively resolved, as the parties acknowledge, by the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983), which held that the proper statute of limitations in this type of case is the six-month statute found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). While the parties acknowledge that this is the proper statute of limitations to be followed in this case, they part company on the issues of (1) when the cause of action accrued, and (2) whether the filing of a complaint with the National Labor Relations Board (NLRB) or alleged misrepresentations made by the Defendants tolled the statute of limitations.

■ Applying a six-month statute, Plaintiffs' action, to be barred, must have accrued on or before December 24, 1980 (The Complaint having been filed on June 24, 1981). Defendants offer several dates for the accrual of the action, that is, when the Plaintiffs "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred, even if some possibility of nonjudicial enforcement re-

mained." *Adkins, supra,* at 1192 (*quoting, Santos v. District Council of New York City,* 619 F.2d 963, 969 (2d Cir.1980)). Defendants suggest that the action accrued in late 1979 or early 1980 (when Plaintiffs knew, or should have known, that their recall dates were being adjusted), or May 8, 1980 (the date of an agreement signed between General Motors and the union regarding job classifications), or, at the latest, July of 1980 (the evidence at trial indicating that several of the Plaintiffs felt, by that time, that General Motors was recalling workers in a discriminatory manner). Plaintiffs, in contrast, argue that the action accrued *after* the filing date, since Plaintiffs were, allegedly, unaware of the May 8, 1980, agreement and were the victims of several misrepresentations by Defendants. Based on the evidence in the record, accurately summarized in Defendants' memoranda, the Court finds that any of the above-mentioned accrual dates suggested by Defendants would be plausible. The Court finds it unnecessary to choose one, since all are *before* the December 24, 1980, date referred to above, *after* which this action must have accrued or be barred. Thus, Plaintiffs filed suit in an untimely fashion.

■ With regard to the tolling issue, the Court agrees with Plaintiffs that a statute of limitations in a § 301 action can be tolled, based on the "particularized circumstances of [each] case." *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 708, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). *See, Echols v. Chrysler Corp.,* 633 F.2d 722 (6th Cir.1980); *McNutt v. Airco Industrial Gases Division,* 687 F.2d 539, 543 (1st Cir.1982). However, tolling is *not* appropriate in this case. To the extent that there is evidence in the record that Defendants may have made certain misrepresentations to Plaintiffs (it is significant to note that Plaintiffs did *not* specifically cite any such evidence), the Court agrees with Defendants that this argument is but another way of alleging that the union breached its duty of fair representation. Even assuming that to be

true, Plaintiffs' action accrued (as noted above) before December 24, 1980.

■ In addition, the fact that at least one of the Plaintiffs filed a complaint with the NLRB in December of 1980 does not toll the action. In *DelCostello* the Supreme Court merely remanded for a determination of that issue, among others; it was not purporting to decide the issue. 103 S.Ct. at 2294–95. As Defendants argue, any tolling under federal law must be compatible with the congressional purpose behind the federal statute governing liability. *See, Chardon v. Fumero Soto,* —— U.S. ——, 103 S.Ct. 2611, 2616–17, 77 L.Ed.2d 74 (1983); *Pesola v. Inland Tool & Mfg., Inc.,* 423 F.Supp. 30, 34 (E.D.Mich. 1976). It is well settled that a § 301 action is independent of any NLRB proceeding. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138, 1143 (S.D.Ohio 1982). Indeed, for this very reason, the Court excluded from evidence in the trial in this case, on grounds of relevancy, the ultimate dismissal of said complaint by the NLRB on February 11, 1981. It follows, as at least one court has intimated in dicta, *McNutt, supra,* that the filing of a NLRB complaint does not toll the running of a statute of limitations on a § 301 action. Nor have Plaintiffs cited any authority to the contrary.

It appears that a recent decision from the Ninth Circuit *has* reached a contrary result. In *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030 (9th Cir.1983), the plaintiff union sued the employer in a "straight-forward" § 301 action, rather than a "hybrid" § 301/duty of fair representation suit, such as the within matter. Finding that the applicable statute of limitation would be derived from state law, *id.* at 1033, the court also applied state law to determine if tolling was appropriate. *Id.* Based on California's law of equitable tolling, the Court concluded that an attempt by the union to resolve the case before the NLRB should toll the running of the limita-

tions statute during the period of the NLRB proceedings. *Id.* at 1037.

For the reasons of statutory construction set out above, this Court does not find the Ninth Circuit's ultimate result compelling. In addition, it should be pointed out that, after *DelCostello,* a "straight-forward" § 301 suit would still be governed by a *state* statute of limitation, *see,* 103 S.Ct. at 2287 n. 12, 2294, and *state* tolling rules would presumably apply, as well. *See, Chardon v. Fumero Soto, supra.* However, "hybrid" § 301 cases are now governed by a *federal* limitations period, presumably meaning that *federal* tolling rules (to be developed by courts), rather than their *state* counterparts, apply. *Cf. Zipes v. TransWorld Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII tolling rules); *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (FELA tolling rules). Thus, the Court in this action is not compelled to look toward Ohio law for the rules of tolling.

In any event, even accepting the Ninth Circuit's position does not change the result of this case. The *Retail Clerks* court emphasized that the § 301 limitations period was only tolled during the pendency of the NLRB proceeding; it did not initially start to run again after said proceeding was terminated. 707 F.2d at 1033. Here, the NLRB proceeding began in December of 1980 and culminated approximately three months later. Assuming, as this Court does, that Plaintiffs' action accrued, at the latest, in July, 1980, the tolling of the six month limitation period during the NLRB proceeding *still* makes the June 24, 1981, filing date untimely.

Based on the foregoing, the Court concludes that Plaintiff's action is barred by the statute of limitations, and that Defendants' motions for judgment notwithstanding the verdict must be, and are, sustained.

■ Judgment is to be entered for the Defendants. However, given that the Court permitted Defendants to raise the ultimately successful limitations defense on the first day of trial (the defense would

otherwise have been waived), the Court deems it appropriate to give Plaintiffs' counsel the opportunity to recoup litigation expenses against Defendants, for having prepared for and for having participated in the trial. Plaintiffs' attorney should have the opportunity to be reimbursed for any actual expenses of litigation and preparation for trial he incurred, which expenses might not have been incurred had Defendants asserted their ultimately valid defense in a more timely fashion. *See, Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981) (per curiam); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131, 1134 (6th Cir.1980).

Plaintiffs' counsel is given twenty days from date of receipt of this entry to file a request for the assessing of litigation costs against Defendants. Any such costs should be set forth by way of affidavit. Defendants are given seven days after receipt of counsel's request to respond to same.

Failure of Plaintiffs' counsel to file such a request within the indicated time will indicate to the Court that the Plaintiffs' attorney does not wish to seek the recovery of litigation expenses and the captioned cause will be terminated upon the docket records of this Court.