PER CURIAM.
This case is on appeal from the judgment of the United States District Court for the Eastern District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp.1983). The district court, 553 F.Supp. 163, granted summary judgment in favor of appellees, Consolidated Freightways, Inc. and Local 600, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) was not timely filed. This appeal followed.
Appellants include 40 employees of Consolidated Freightways who are also members of Local 600. Local 600 and Consolidated Freightways, Inc. are alleged to have wrongfully secured the adoption of a labor contract in violation of St. Louis Teamsters work rules and in violation of various labor agreements. It is alleged that Consolidated Freightways and Local 600 ordered the employees to vote on a rider that, in effect, altered the contract and thus the working conditions by limiting the overtime, starting time and consequently the income of these employees. An election was scheduled, and on the morning before it took place, the employees filed a written protest of the election procedure. When no action was taken, a formal grievance was filed. On or about October 7, 1981, the grievance was, for various reasons, denied. This action was filed on February 25, 1982.
Andres argues that his complaint was filed within four months of the rendering of a decision of the Mo-Kan Committee, and that he was given no notice of this decision. Consolidated Freightways insists that the shop steward was at the hearing and was advised of the committee’s decision (October 7, 1981), and that the steward so informed the other appellants of the decision. Consolidated admits that the action was filed on February 25, 1982, within five months of the decision. The district court dismissed the action as untimely under United Parcel Service v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) which would have required the employees *75 to file within three months of October 7, 1981.
During the pendency of this appeal, the Supreme Court decided the case of DelCostello v. International Brotherhood of Teamsters, - U.S. -, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). DelCostello held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) with its six month limitation period governed section 301 suits.
Since we have held that DelCostello is to be applied retroactively,[2] we find that the employees’ cause of action is not time barred. Both parties admit the filing took place within five months after the action accrued. Because we reverse the district court and remand for further proceedings, we need not address the additional issues raised by counsel.

. The Honorable Roy W. Harper presiding.

. See Lincoln v. District 9 of the International Association of Machinists, 723 F.2d 627 (8th Cir.1983).