**Delroy BOYD, Plaintiff,**

v.

**TEAMSTERS LOCAL UNION 553,**
**Harsa Trucking Corporation,**
**Defendants.**

**No. 84 Civ. 746(CES).**

United States District Court,
S.D. New York.

July 24, 1984.

---

Noah Kinigstein, New York City, for plaintiff.

Robert M. Saltzstein, Lake Success, N.Y., for defendant Harsa.

Cohen, Weiss & Simon, New York City, for defendant Teamsters Local Union 553.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff, Delroy Boyd, brought this lawsuit on February 1, 1984 stating three causes of action. The first claim charges his employer, defendant Harsa Trucking Corporation ("Harsa"), with a breach of the collective bargaining agreement by laying him off while retaining similarly classified employees with less seniority. The second claim asserts that the actions of Harsa were a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. And, lastly, the third cause of action is against the defendant Teamsters Local Union 553 ("the Union"), charging it with a breach of the duty of fair representation by failing to process and arbitrate the plaintiff's grievance with respect to his discharge. Harsa moves for partial summary judgment on the first claim, and the Union moves to dismiss the complaint. Having considered matters outside the pleadings, and in response to plaintiff's request, we convert the Union's motion into one for summary judgment, and grant both motions. *See* Fed.R.Civ.P. 12(b)(6).

The facts before us are as follows. The plaintiff was terminated from his employment on March 18, 1983. On April 14, 1983, the Union informed him that they would neither grieve his termination nor arbitrate his case. On April 27, 1983, plaintiff filed a charge with the NLRB, alleging an unfair labor practice by the Union because of its failure to pursue plaintiff's claim that his discharge was a violation of the collective bargaining agreement. The NLRB refused to issue a complaint on June 30, 1983 in that case. Boyd filed a second charge with the NLRB on July 15, 1984, alleging further violations of the duty of fair representation and unfair labor practices under Section 8(b)(1)(A) of the National Labor Relations Act. The NLRB approved the withdrawal of this charge on August 31, 1983. Suit in federal court commenced on February 1, 1984.

Defendants' motions both rest on the statute of limitations as set out by the Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court held that the six-month limitations period in the NLRA for filing unfair labor practice charges is the statute of limitations applicable to an employee's "hybrid" action in federal court against the employer and the Union for breach of the collective bargaining agreement and breach of the duty of fair representation. *DelCostello, id.* Boyd's complaint presents such a "hybrid" claim.

Plaintiff's cause of action accrued when he "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred, even if some possibility of non-judicial enforcement remained." *Santos v. District Council of New York City*, 619 F.2d 963, 969 (2d Cir.1980). There does not appear to be any dispute that the plaintiff's cause of action accrued at the time the Union told him that they would neither grieve his termination nor arbitrate his case on April 14, 1983. Thus, plaintiff filed suit more than nine months after his cause of action accrued. Nonetheless, plaintiff argues that *DelCostello* should not be applied retroactively, or, alternatively, that if *DelCostello* is applied, the statute is tolled by the filing of a charge with the NLRB.

The first argument, that *DelCostello* should not be applied retroactively, is without merit in light of the Second Circuit's recent ruling in *Welyczko v. U.S. Air*, 733 F.2d 239 (2d Cir.1984): "[W]e adopt for this circuit the rule that in employment termination cases, a six-month statute applies both retroactively and prospectively to wrongful discharge/failure to represent claims." *Id.* at 241.

With respect to the second argument, that the statute of limitations was tolled during the pendency of the NLRB proceedings against the Union, *DelCostello* offers no guidance since the Court remanded the case on the question of tolling. *DelCostello*, 103 S.Ct. at 2294. However, we are in agreement with the other district courts which have considered the issue of tolling in this context. *See Association of Frigidaire Model Makers v. General Motors Corp.*, 573 F.Supp. 236, 239 (S.D.Ohio 1983); *Former Frigidaire Employees Association v. I.U.E.*, 573 F.Supp. 59 (S.D. Ohio 1983); *Martin v. Adams Distribution Services*, 114 LRRM 3562 (W.D.Mo.1983); *Nicely v. U.S. Steel Corp.*, 574 F.Supp. 184, 114 LRRM 3455 (W.D.Pa.1983). We find that the NLRB's consideration of the plaintiff's unfair labor practice charge against the Union, in and of itself, did not toll the statute of limitations.

It is clear that a Section 301 action in federal court alleging a violation of the duty of fair representation is independent of a Section 8(b) proceeding, which challenges the same conduct as an unfair labor practice in front of the NLRB. *Vaca v. Sipes*, 386 U.S. 171, 182 n. 8, 87 S.Ct. 903, 913 n. 8, 17 L.Ed.2d 842 (1967). The availability of dual avenues of relief is a reflection of a distinct public policy, and is an exception to the preemption doctrine. *Vaca v. Sipes*, 386 U.S. 171, 179–183, 87 S.Ct. 903, 910–913, 17 L.Ed.2d 842 (1967); *Martin v. Adams Distribution Services*, 114 LRRM 3562, 3565–66 (W.D.Mo.1983). In analogous situations, the Supreme Court has ruled that when a plaintiff sleeps on his rights with regard to one avenue, the statute is not automatically tolled if he has properly filed an independent claim arising out of the same facts. In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court refused to toll the statute in an action under 42 U.S.C. § 1981 although plaintiff had properly filed a charge with the Equal Employment Opportunity Commission pursuant to Title VII, 42 U.S.C. § 2000e–5. Similarly, in *International Union of Electrical, Radio and Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the Court refused to toll the ninety day period for filing a charge with the EEOC under Title VII although plaintiff had pursued grievance procedures on the discrimination charges pursuant to a collective bargaining agreement. We therefore agree with the district court which stated with regard to a Section 301 and a § 8(b) claim: "we are of the opinion where two separate parallel avenues of relief are provided, pursuit of one course of action does not toll the running of the statute as to the other." *Nicely v. U.S. Steel Corp.*, 574 F.Supp. 184, 114 LRRM 3455 (W.D.Pa. 1983).

Plaintiff relies on the doctrine of administrative exhaustion in the labor setting to support his tolling argument. However, as we have already noted, the federal courts and the NLRB have concurrent jurisdiction

in this context.* *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). To permit the statute to be tolled while the NLRB was considering the claim as an unfair labor practice would result in the unjustifiable lengthening of the statute of limitations set out in *DelCostello,* and would undermine the delicate remedial scheme set forth in *Vaca v. Sipes, id.,* and *DelCostello, supra,* which does not contemplate any exhaustion requirement in the NLRB or any deference to NLRB proceedings in these cases.

We recognize that in *Retail Clerks Union Local 648 v. Hub Pharmacy,* 707 F.2d 1030 (9th Cir.1983), the Court found that NLRB proceedings equitably tolled the statute of limitations, and that such tolling did not frustrate any national labor policy. *Retail Clerks, id.,* was a "straight-forward" Section 301 action to enforce the collective bargaining agreement, which applied California law to determine the issue of equitable tolling. Unlike a "hybrid" breach of the collective bargaining agreement/duty of fair representation claim, a claim of breach of the collective bargaining agreement is governed by state contract law, including its statute of limitations. *DelCostello,* 103 S.Ct. at 2289. A "hybrid" claim adds the duty of fair representation element, which has been described as "more a creature of 'labor law' " than of "general contract law." *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *see also Erkins v. United Steelworkers of America,* 723 F.2d 837, 839 (11th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984). Thus, whatever policy considerations were at work behind the 9th Circuit's brief conclusion that equitable tolling would not be inconsistent with any federal labor law policies, the reasoning of the case is inapposite to this hybrid claim.

On the facts of this case, we note that plaintiff would even be too late if the statute was tolled only for the period of the NLRB proceedings. *See Former Frigidaire Employees Association v. I.U.E.,* 573 F.Supp. 59, 61 (S.D.Ohio 1983); *Frigi-*

*daire Model Makers v. General Motors Corp.,* 573 F.Supp. 236, 239 (S.D.Ohio 1983). Taking the time between the filing of the first charge and the dismissal of the complaint, and the time between the filing of the second charge and the plaintiff's agreement to its withdrawal, and tolling the statute for that period, the plaintiff would have filed his claim some five days too late. Plaintiff has cited no facts other than the existence of the NLRB proceedings as a basis for the application of the doctrine of equitable tolling. Plaintiff was not lulled into inactivity by any action on the part of the employer or the Union, nor was he misled by the agency as to any of his rights or the deadlines involved. *See generally Baldwin County Welcome Center v. Brown,* — U.S. ——, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (factors to be considered with respect to the doctrine of equitable tolling in Title VII case). Based on the documents submitted on this motion, plaintiff was represented by counsel by June 9, 1983, well within the statute of limitations. Plaintiff merely failed to proceed in two places at once, which while understandable in some sense, reflects nothing more than ignorance of the available avenues of relief, and is not a factor in equity to bar the defense of the statute of limitations in this case.

For the foregoing reasons, the motion by the defendant Union is granted, and the motion by Harsa for partial summary judgment is granted as well. The plaintiff's only remaining claim is for age discrimination against Harsa.

SO ORDERED.