767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHARON VANOVER, MARK W. OLDFIELD, DOROTHY M. YOST,
MARGUERITE A. STOWELL, KAY L. GRANGER, TIM TICE,
PLAINTIFFS-APPELLANTS,
v.
OLD KING COLE DIVISION OF CONCOURSE, INC., UNITED RUBBER,
CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA,
LOCAL #589 A & A PLASTICS, INC.,
DEFENDANTS-APPELLEES.
 NO. 93-3654
 United States Court of Appeals, Sixth Circuit.
 6/17/85
 
 N.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's dismissal of their hybrid Sec. 301 suit filed under the Labor Management Relations Act ('LMRA'), 29 U.S.C. Sec. 185. The district court dismissed the suit for being time barred under LMRA Sec. 10(b), which mandates a six month statute of limitations period for Sec. 301 actions including hybrid Sec. 301/unfair representations cases. See DelCostello v. Teamsters, 462 U.S. 151 (1983).
 
 
 2
 Concourse, Inc, closed its plant and terminated its employees on February 26, 1982, after unsuccessful attempts to amend its collective bargaining agreement. A few days later, on March 10, 1982, the company reopened the plant as a non-union plant under a new name, and rehired most of its former employees. The union never filed charges with the National Labor Relations Board ('NLRB') concerning the company's actions. Plaintiffs did not file the instant action until February 28, 1983.
 
 
 3
 Plaintiffs claim that the company's actions clearly violated its collective bargaining agreement, which did not expire until July 1, 1983. Plaintiffs allege that the union breached its duty of fair representation by conspiring with the company and failing to enforce and protect their rights under the collective bargaining agreement. Plaintiffs did not attempt to exhaust any grievance or arbitration procedures, but claim that such actions would have been futile.
 
 
 4
 Plaintiffs claim that their cause of action did not accrue either when the plant was closed on February 26, 1982, or when it reopened as a non-union shop on March 10, 1982, but rather claim the cause of action arose on August 26, 1982, when the time expired for the union to file charges with the NLRB. They argue that they did not have a cause of action against the union until August 26, 1982, or alternatively that they were misled into thinking that the union officials would pursue all available avenues for relief.
 
 
 5
 In DelCostello v. Teamsters, 462 U.S. 151 (1983), the Supreme Court held that LMRA Sec. 10(b), which provides for a six month statute of limitations period, is applicable to hybrid Sec. 301 actions. This Court gave the DelCostello holding retroactive effect in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). The Sec. 10(b) six month period begins to run when the claimants discover, or exercising reasonable diligence should have discovered, the acts comprising the alleged violation. NLRB v. Allied Products Corp., 548 F.2d 644 (6th Cir. 1977).
 
 
 6
 In the instant case, plaintiffs were aware, or clearly should have been aware, of the acts comprising the alleged violation sometime in March of 1982. Shortly after the March 10, 1982, reopening of the plant as a non-union shop, plaintiffs should have known that the closing and reopening were in violation of the collective bargaining agreement and had occurred without challenge by the union.
 
 
 7
 The Court finds it unnecessary to determine whether the company repudiated or merely breached the collective bargaining agreement in closing and later reopening its plant. This distinction would only affect whether the plaintiffs were excused from exhausting their grievance and arbitration procedures on the grounds of futility. See Shamblin v. General Motors Corp., 743 F.2d 436, 439 (6th Cir. 1984). Since we find plaintiffs' action to be time barred, it is irrelevant that the action may be barred by their failure to exhaust other remedies.
 
 
 8
 Plaintiffs argue that their hybrid Sec. 301 action did not accrue, or at least the time for filing the suit was tolled, until August 26, 1982, when the time expired for the union representatives to file a charge with the NLRB. This argument is unpersuasive. The filing of a charge with the NLRB does not toll the time within which a hybrid Sec. 301 suit must be filed. See, e.g., Aarsvold v. Greyhound Lines, Inc., 724 F.2d 72, 73 (8th Cir. 1983) (per curiam), cert. denied, 104 S. Ct. 3538 (1984); Estates v. Harry M. Stevens, Inc., 593 F. Supp. 778, 782 (D. P.R. 1984); Boyd v. Teamsters, 589 F. Supp. 794, 796 (S.D.N.Y. 1984). Thus, even if the union had filed charges with the NLRB, plaintiffs suit would be time barred.
 
 
 9
 Furthermore, plaintiffs have failed to show that defendants fraudulently concealed any facts respecting the accrual or merits of plaintiffs' claims. In order to toll the limitations period because of fraudulent concealment by defendants, plaintiffs must show that their failure to discover facts supporting their cause of action occurred despite due diligence on their part to ascertain the facts. Diminnie v. United States, 728 F.2d 301, 305 (6th Cir. 1984); Campbell v. UpJohn Co., 676 F.2d 1122, 1127 (6th Cir. 1982). Plaintiffs' claims in the instant case, however, do not support their theory of fraudulent concealment, but rather merely reassert their breach of fair representation claim. See Association of Frigidaire Model Makers v. General Motors Corp., 573 F. Supp. 236, 238 (S.D. Ohio 1983).
 
 
 10
 We find plaintiffs' other claims of error to be without merit. Accordingly, the district court's judgment is AFFIRMED pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.