770 F.2d 165
 120 L.R.R.M. (BNA) 3456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH BIPPUS; WALTER BOLTON, EARL BORN; LEROY BOWERS;
ROBERT BOWLING; DONALD BROWNING; MICHAEL BOERMAN; WILLIAM
CAGEL; WAYNE CHEEK; JERRY CREWS; ROBERT DUMFORD, JR., ROBERT
DUMFORD, SR.; WENDELL EVERSOLE; REX FOX; EDWARD FRESON;
THOMAS GABBARD; ROLAND GIBSON; DAVID GRAU; JESS HARNEY;
JAMES HOF; LAWRENCE HUBER; JERRY KINDRED; JOHN KRIEG; LESLIE
LONAKER; WAYNE LYKINS; DONALD LYNCH; GERALD MARTIN; JAMES
MCFARLAND; STEWARD J. MITCHELL; MICHAEL MOLLOY; MICHAEL
O'DONNELL; CHARLES PARKER; JOHN PARKER; JOHN PHILLIPS; BILL
PIERSON; JIM RACK; TERRY RETTBERG; GENE ROBERTS, JOE
RUSSELL; JOE SARGENT; ROBERT SCHIBI; CHARLES SIBCY; EDWARD
SMITH; GEORGE TOFT, JR.; ELSWORTH TRADER; CHARLES VEDDERN;
CARL WEBBER; RONALD WHEELER; ANDREW WHITAKER; KEITH WILSON;
AND EWELL WYATT, PLAINTIFFS-APPELLANTS,
v.
LOCAL 100 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, CLYDE W.
WOEBER; IRVIN T. SCHARFENBERGER; READING CENTRAL MIXED
CONCRETE; READING CONCRETE, INC.; JOHN DOE (A CORPORATION);
JOHN DOE (A BUSINESS ENTITY OR ENTITIES); JOHN DOE (AN
INDIVIDUALLY/INDIVIDUALS), DEFENDANTS-APPELLEES.
 NO. 34-3122
 United States Court of Appeals, Sixth Circuit.
 7/17/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MARTIN, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 These Ohio plaintiffs move this Court to stay its proceedings and remand this cause to the district court for the limited purpose of allowing the district court to hold an evidentiary hearing on their Rule 60(b) motion to vacate the district court's judgment so plaintiffs can amend their complaint to allege a new cause of action. The plaintiffs are appealing from a district court judgment dismissing their suit filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, for being untimely. Charging their former company with breach of contract and their union with breach of its duty of fair representation, plaintiffs alleged that they were illegally discharged by their employer, Reading Concrete, when it sold its assets to the defendants, SDI Reading Concrete, Inc. and Irvin T. Scharfenberger (collectively referred to as 'SDI').
 
 
 2
 Ultimately, the district court decided that plaintiffs' suit was filed beyond the six month time period applicable to hybrid Sec. 301 suits. DelCostello v. Teamsters, 462 U.S. 151 (1983). For this ruling, the court chiefly relied on the deposition and affidavit of a Mr. Donald Browning, who is a plaintiff in this suit and the former union steward for the Reading Concrete drivers. The district court concluded from a review of Mr. Browning's testimony that the plaintiffs certainly knew or should have known by February of 1981 that the union was ignoring their grievances filed on January 12 and 13, 1981, and that the union was acting with hostility and in contravention of the desires of these plaintiffs. With the complaint having been filed more than six months later on November 16, 1981, the court concluded that the suit was late and that the time had not otherwise been tolled while the plaintiffs sought relief through an appellate stage with the NLRB.
 
 
 3
 On appeal, the plaintiffs complain that if the district court had liberally construed the summary judgment proceedings in their favor, then it would have concluded that the plaintiffs could not have reasonably known that the union had breached their duty of fair representation until the first week of June when they learned that they had lost their appeal before the NLRB. Plaintiffs further contend that they received mixed signals from several union representatives which reasonably led them to believe that they were receiving fair representation by the union up until the first week in June of 1981.
 
 
 4
 Upon consideration of all of the arguments made by the parties in their briefs and papers filed in this cause, this Court concludes that the district court's judgment of dismissal should be affirmed and that the plaintiffs' motion to stay and remand should be denied. The district court properly concluded that the plaintiffs' suit was untimely because their cause of action had accrued more than six months prior to the filing of the suit when they knew or should have known in late January or early February that their discharge and loss of rights would not be fairly challenged by their union. Shapiro v. Cook United, Inc., ---- F.2d ----, slip op. 83-3087 (6th Cir. May 17, 1985) (per curiam). A review of the testimony given by the plaintiffs' former union steward as submitted in his deposition and his affidavit amply reveals an open hostility and unwillingness on the part of the union president in late January and early February of 1981 to have anything to do with the plaintiffs' grievances. This evidence of open hostility toward the plaintiffs was not assuaged or contradicted by other remarks made by the union's business agent and by the plaintiffs' false hope of success before the NLRB. Although the business agent told Mr. Browning that the union would address the grievances after the legality of the sale was resolved, he also said that his hands were tied and that he could do nothing for the plaintiffs unless he received authorization from the union president. Plaintiffs certainly could not reasonably have invested any hope of fair representation on the remarks made by the business agent, however, because the union president had already unequivocally expressed his opposition to the plaintiffs' grievances. It was also not reasonable for the plaintiffs to ignore this expression of hostile opposition and to believe that the union had not breached their duty of fair representation because it had reluctantly allowed outside counsel to file a charge of unfair labor practice with the NLRB in behalf of the plaintiffs. The plaintiffs can also not demonstrate reasonable expectation of fair union representation under these circumstances by further relying on cases which supposedly hold that withdrawal of union legal representation during the pursuit of grievance procedures can amount to unfair representation. It is, nonetheless, well-settled that pursuit of relief with the NLRB does not toll the time to file a hybrid Sec. 301 suit. Aarsvold v. Greyhound Lines, Inc., 724 F.2d 72, 73 (8th Cir. 1983) (per curiam), cert. denied, ---- U.S. ----, 104 S.Ct. 3538 (1984); Estades v. Harry M. Stevens, Inc., 593 F.Supp. 778, 782 (D. P.R. 1984); Bey v. Williams, 590 F.Supp. 1150, 1154 (W.D. Pa. 1984); Boyd v. Teamsters Local, 553, 589 F.Supp. 794, 796 (S.D. N.Y. 1984).
 
 
 5
 Under these circumstances, it is clear that the plaintiffs' suit was untimely because their cause of action had accrued more than six months prior to the filing of their suit on November 16, 1981, when they knew or reasonably should have known in late January or early February of 1981 that the union would never fairly present their grievances to their previous employer.
 
 
 6
 Finally, it is concluded that plaintiffs' motion to stay and remand should be denied for several reasons. It is initially observed that a dismissal of a suit for being barred by a statute of limitations may be a judgment on the merits to which res judicata can attach. Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir. 1981); Cemer v. Marathon Oil Co., 583 F.2d 831, 832 (6th Cir. 1978) (per curiam). The plaintiffs may, however, present their same equitable arguments which are asserted to support their Rule 60(b) motion to support an argument, to be made in the district court having jurisdiction over their second suit, whether invocation of res judicata would contravene an overriding public policy or result in manifest injustice. See Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1228-31 (6th Cir. 1981), and cases cited therein. We deny the plaintiffs' motion to stay and remand to avoid the anomaly of having the parties' dispute be pending before an appellate court and two district court judges simultaneously.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiffs' motion is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.