770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD L. SPENCER, PLAINTIFF-APPELLANT,
v.
DEVOE & REYNOLDS CO., INC., ROBERT H. WILLIAMS, DEFENDANTS-APPELLEES.
 NO. 84-5385
 United States Court of Appeals, Sixth Circuit.
 7/30/85
 
 W.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing as time-barred his action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment with the defendant Company on August 20, 1982. He filed a grievance asserting the discharge violated the terms of the collective bargaining agreement then in effect between the Company and Local 906 of the Allied Industrial Workers of America. The Company denied the grievance and the membership of Local 906 voted on October 25, 1982 not to take the grievance to arbitration. The plaintiff also filed charges of unfair labor practices with the National Labor Relations Board (NLRB), but the latter refused to issue a complaint and had nothing further to do with the plaintiff's charges after December 14, 1982.
 
 
 3
 The plaintiff filed the present action in state court on July 18, 1983 against the Company and the Company supervisor who effected the discharge. The defendants removed the action to the federal district court and moved for summary judgment on grounds, inter alia, that the action was time-barred under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed and entered the order of dismissal. This appeal followed.
 
 
 4
 In DelCostello v. Teamsters, 462 U.S. 151 (1983), the Supreme Court held Sec. 10(b) applicable to all hybrid Sec. 301/unfair representation actions. This Court gave that decision retroactive application in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Although the plaintiff did not name Local 906 as a defendant in the present action, he would still have been required to prove unfair representation on the part of Local 906 in order to raise his claim under Sec. 301. DelCostello, 462 U.S. at 164-65. Under these circumstances, the district court did not err in finding Sec. 10(b) applicable to the plaintiff's cause of action.
 
 
 5
 The plaintiff argues that DelCostello should not be found applicable to this case because the collective bargaining agreement between the Company and Local 906 made arbitration a permissive rather than a mandatory final step under the grievance procedures. This observation does not affect the result in this case. The statute of limitations began to run when the membership of Local 906 voted not to take the plaintiff's grievance to arbitration. Shapiro v. Cook United, Inc., 762 F.2d 49 (6th Cir. 1985); Howard v. Lockheed-Georgia Co., 742 F.2d 612 (11th Cir. 1984); Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).
 
 
 6
 The plaintiff also suggests the statute of limitations should be considered tolled during the time he pursued remedies before the NLRB. Proceedings before the NLRB, however, do not toll the statute of limitations for purposes of a Sec. 301 action. Aarsvold v. Greyhound Lines, Inc., 724 F.2d 72 (8th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 3538, 82 L.Ed.2d 842 (1984); Bey v. Williams, 590 F.Supp. 1150, 1154 (W.D. Pa. 1984); Boyd v. Teamsters Local 553, 589 F.Supp. 794 (S.D. N.Y. 1984). Even if such time were excluded, moreover, the plaintiff's complaint was filed more than six months after the termination of the NLRB proceedings.
 
 
 7
 This Court concluding the district court did not err in holding the plaintiff's cause of action barred under Sec. 10(b),
 
 
 8
 It is ORDERED that the district court's order of April 6, 1984 dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.