**Obed AARSVOLD, et al., Appellants,**

v.

**GREYHOUND LINES, INC.; Amalgamated Transit Union; and Amalgamated Transit Union, Division 1150, Appellees.**

No. 82–1695.

United States Court of Appeals, Eighth Circuit.

Dec. 27, 1983.

Rehearing Denied Jan. 31, 1984.

*The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

Lowe & Schmidthuber, James E. Lindell, Minneapolis, Minn., for appellants.

Vance B. Grannis, Jr., Roger N. Knutson, Gary G. Fuchs, South St. Paul, Minn., for defendant-appellee Greyhound Lines, Inc.; Grannis, Grannis, Campbell & Farrell, P.A., South St. Paul, Minn., of counsel.

Peterson, Bell & Converse, Roger A. Jensen, St. Paul, Minn., for appellee Amalgamated Transit Union.

Robert Latz, P.A., Robert Latz, Minneapolis, Minn., for appellee Amalgamated Transit Union, Div. 1150.

Before ROSS and FAGG, Circuit Judges, and WATERS, District Judge.*

PER CURIAM.

This case is on appeal from the judgment of the United States District Court for the District of Minnesota.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp. 1983). The district court, 545 F.Supp. 622, granted summary judgment in favor of appellees, Greyhound Lines, Inc., Amalgamated Transit Union, and Amalgamated Transit Union, Division 1150, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C.

1. The Honorable Harry H. MacLaughlin presiding.

§ 185 (1978) was not timely filed. This appeal followed.

Appellants are former employees of appellee Greyhound Lines, Inc. and former members of appellee Amalgamated Transit Union (hereinafter ATU) and appellee ATU Local Division No. 1150. Aarsvold argues that Greyhound discharged its employees without cause. Greyhound asserts that the employees were fired because they engaged in an illegal wildcat strike. After unsuccessful labor appeals, this suit was filed in November 1981, and removed to district court. Grievance hearings were held in accordance with the collective bargaining agreement. The discharged employees were informed in writing on March 13, 1981, that the local union membership voted not to proceed with the case to arbitration. The action was filed November 24, 1981.

Aarsvold further alleges that his claim did not accrue until the NLRB proceeding had run its course, which he states was August 1981, when the decision that no unfair labor practices occurred was affirmed by the office of general counsel. Thus urges Aarsvold, the statute was tolled pending a hypothetical arbitration date or a decision of the NLRB. He cites *Bowen v. United States Postal Service,* —— U.S. ——, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983) in support of his contention. Our reading of *Bowen,* however, suggests that it does not stand for the propositions asserted by Aarsvold. The *Bowen* case dealt with apportioning damages, not with whether a cause of action was tolled pending a hypothetical arbitration date.

During the pendency of this appeal, the Supreme Court decided the case of *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *DelCostello* held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) with its six month limitation period governed section 301 suits.[2]

We have carefully reviewed Aarsvold's remaining contentions and find them to be

without merit. Aarsvold is clearly out of time under *DelCostello.* We find that the statute began to run on March 13, 1981, when the membership voted not to proceed with the case to arbitration. The district court's order dismissing the case is affirmed.

---

**2.** We have held that *DelCostello* is to be applied retroactively. *Lincoln v. District 9 of the*

*International Association of Machinists,* 723 F.2d 627 (8th Cir. 1983).