**Frank M. CARMENA**

v.

**BROWN–EAGLE CORPORATION, et al.**

**Thomas S. McVEA**

v.

**BROWN–EAGLE CORPORATION, et al.**

Civ. A. Nos. 87–262–B, 87–263–B.

United States District Court,
M.D. Louisiana.

Aug. 31, 1989.

Dan M. Scheuermann, Baton Rouge, La., for plaintiffs.

G. Michael Pharis, Thomas R. Peak, Taylor, Porter, Brooks & Phillips, and Frank Cusimano and Guy A. Modica, Sr., Baton Rouge, La., for defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Frank Carmena and Thomas McVea were hired by Brown–Eagle Corporation ("Brown–Eagle") in 1981. They became members of United Food and Commercial Workers International Union, Local 327 ("UFCW") shortly thereafter. Brown–Eagle and UFCW had a collective bargaining agreement which was effective during the course of plaintiffs' employment. The collective bargaining agreement between Brown–Eagle and the union allowed Brown–Eagle to discharge employees only for cause.

Carmena was fired on April 22, 1986 for making racial slurs after having been warned not to do so. McVea was fired on April 9, 1986 for refusing to submit an eye doctor's statement when requested to do so. Both men filed a grievance with their union contending that the reasons given for their termination were false.

Plaintiffs then filed separate suits in this Court on April 7, 1987, against Brown–Eagle and UFCW. They alleged that Brown–Eagle breached the collective bargaining agreement by discharging them without cause and that the union breached its duty of fair representations by failing to process their grievances. The defendants filed motions to dismiss on the ground that the

plaintiffs' suits were time-barred. This Court agreed that plaintiffs' suits were time-barred and dismissed the suits. The Fifth Circuit Court of Appeals remanded the case to this Court for further factual findings.

The defendants have again moved for summary judgment contending that the plaintiffs' suits are time-barred. The Court finds that defendants' motion for summary judgment should be granted.

■ As the Fifth Circuit noted in its opinion on remand, § 301 of the Labor–Management Relations Act of 1947, 29 U.S.C. § 185 (1976), permits an employee to bring an action against his employer for breach of a collective bargaining agreement and against his union for violating its duty of fair representation by mishandling an ensuing grievance. The two causes of action are commonly known as a hybrid § 301/duty of fair representation suit. In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that a six-month statute of limitations would apply to an employee's suit against his employer and union under § 301 of the Labor–Management Relations Act. This six-month period commences on the date that the employee discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violations. The Court will now separately consider plaintiffs' claims against the union and the employer.

## PLAINTIFFS' CLAIMS AGAINST UNION

■ Plaintiffs contend that the union breached its duty of fair representation by failing to process their grievances. The Union contends plaintiffs' suit is time-barred. The question for this Court is whether the plaintiffs knew or should have known that the union was not pursuing their grievances prior to the six-month period ending April 7, 1987, the date on which the plaintiffs filed their suits. The evidence submitted to the Court in connection with the motions shows that on May 19,

1986, Frank Carmena filed an unfair labor practice charge against UFCW contending that the union "has discriminated against Frank Carmena by refusing to represent him in the processing of a grievance." Thomas McVea filed a similar charge on July 9, 1986, contending that UFCW "failed to represent Thomas S. McVea ... by failing to timely file a grievance alleging his unfair termination." The Court finds that plaintiffs knew or should have known that the union was not properly representing them insofar as these grievances were concerned as of the date the charge was filed with the NLRB. Therefore, it is clear that plaintiffs knew that the union was not processing their grievances more than six months prior to the date plaintiffs filed their suits in this court. Plaintiffs' claims that the union did not provide fair representation are time-barred.[1]

## PLAINTIFFS' CLAIM AGAINST EMPLOYER

■ Plaintiffs contend that Brown–Eagle Corporation breached the collective bargaining agreement by discharging them without cause. In its opinion on remand, the Fifth Circuit stated that if the collective bargaining agreement provides that the grievance and arbitration procedure is the exclusive and final remedy for breach of contract claims, then the six-month statute of limitations period of *DelCostello* governs the plaintiffs' suit against Brown–Eagle. The Fifth Circuit remanded the case to this Court for a review of the collective bargaining agreement to determine whether the grievance and arbitration procedure is the exclusive and final remedy for breach of contract claims. "Article XI. Grievance Procedure & Arbitration" of the collective bargaining agreement provides as follows:

B. Any employee who feels that he is aggrieved by the Contractor's application

or interpretation of this Agreement *shall* present his grievance or complaint to his immediate supervisor....

If the grievance cannot be settled orally between the employee, his Steward and his immediate supervisor, the following formal procedure shall be followed:

Step 1—If such dispute or grievance is not settled at the job level within one (1) week, it shall then be referred by the Steward to the Project Manager of the Contractor or his designated representative.

Step 2—If such dispute or grievance is not settled at Step 1 within one (1) week, it shall then be referred to the Business Manager of the Union or his designated representative and the Contractor or his designated representative. If the dispute or grievance is not settled on this level within one (1) week, it may be submitted for arbitration under the provisions of Step 3 hereinafter set forth.

Step 3—*Arbitration*—If after referral to Steps 1 and 2, the dispute or grievance remains unresolved, the matter may then be referred to arbitration.... *The decision of the arbitrator shall be final and binding on the Contractor and the Union and its members.* (emphasis added)

After reviewing the collective bargaining agreement, the Court finds that the grievance and arbitration procedure is the exclusive and final remedy for breach of contract claims. Since the grievance and arbitration procedure is the exclusive and final remedy, *DelCostello* applies, and the status of plaintiffs' claims against Brown–Eagle depends on whether their claims against the union are time-barred. *Daigle v. Gulf States Utilities Co., Local No. 2286,* 794 F.2d 974 (5th Cir 1986). In *Daigle,* the Fifth Circuit stated:

[A]ppellant's claim against the union is barred in any event by the six month statute of limitations since he filed suit

---

1. It is well-established that the filing of an unfair labor practice charge does not toll or prevent the accrual of an unfair representation claim. *Adkins v. International Union of Electrical, Radio, & Machine Workers,* 769 F.2d 330, 335 (6th Cir.1985); *Aarsvold v. Greyhound Lines,* 724 F.2d 72, 73 (8th Cir.1983), *cert. de-*

*nied,* 467 U.S. 1253, 104 S.Ct. 3538, 82 L.Ed.2d 842; *Boyd v. Teamsters Local Union 553,* 589 F.Supp. 794, 796 (S.D.N.Y.1984); *Gentilviso v. New York Public Library,* 589 F.Supp. 587, 591–92 (S.D.N.Y.1984); *Nicely v. United States Steel Corp.,* 574 F.Supp. 184, 187–88 (W.D.Pa.1983).

more than six months after the union notified him of its decision not to file a grievance, the date the limitations period began to run. (footnote omitted) We are unable to dispose of appellant's § 301 claim, however, because the record before us does not include the collective bargaining agreement and nothing in the record tells us if it requires an aggrieved employee first to seek remedy through the grievance and arbitration procedure. We must therefore remand for the trial court to apply the parties' collective bargaining agreement. If the contract contains the typical provision that aggrieved parties must go through the grievance and arbitration procedures and the procedures' resolution is final and binding on the parties, appellant's suit against both employer and union is barred. For as we pointed out above, appellant's 301 suit would then hinge on the claim that the union breached its duty of fair representation, a claim the appellant is barred from bringing. Thus, he cannot bring a separate breach of contract suit with a separate statute of limitations applicable.

Thus, since plaintiffs' claims against UFCW are time-barred, their claims against Brown–Eagle are similarly time-barred.

Therefore, the motions for summary judgment of Brown–Eagle Corporation and United Food and Commercial Workers International Union, Local 327 are hereby GRANTED.

Judgment shall be entered dismissing plaintiffs' suits with prejudice.