Abraham A. ROBERTS, Appellant,

v.

HOWARD UNIVERSITY,
et al., Appellees.

No. 97–CV–1065.

District of Columbia Court of Appeals.

Submitted Sept. 10, 1998.
Decided Sept. 16, 1999.

Barbara L. Smith, Washington, DC, was on the brief for appellant.

Timothy F. McCormack and Gregory M. Miller, Baltimore, MD, were on the brief for appellees.

Before TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

TERRY, Associate Judge:

On December 30, 1994, Howard University abolished appellant Roberts' position at the University and terminated his employment in accordance with a recently adopted University-wide "work force restructuring plan" for non-faculty employees. Mr. Roberts filed suit against the University and others, alleging breach of contract, breach of fiduciary duty, and breach of the duty of good faith. His claims were based on a collective bargaining agreement between his labor union and the University, the University's employee handbook, and the restructuring plan itself. The claims against the union were dismissed shortly after the suit was filed, and Roberts has not challenged that dismissal on appeal. Thereafter the remaining defendants, the University and four of its officials (collectively "the University"), filed a motion to dismiss the claims against them on the ground that they were preempted by federal law. The court ruled that the collective bargaining agreement superseded the employee handbook and the restructuring plan and that Roberts had to assert his claims under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (1994). Because Roberts had failed to refer specifically to that statutory provision in his complaint, the court dismissed the case. We agree that the collective bargaining agreement superseded the employee handbook and the restructuring plan and that Roberts' claims had to be based on section 301 of the LMRA, but we disagree that Roberts was required to assert his claims specifically under that section. We nevertheless affirm the dismissal of his complaint because Mr. Roberts failed to exhaust his remedies under the collective bargaining agreement.

## I

Howard University employed Abraham Roberts as a member of its maintenance staff from August 16, 1965, until December 30, 1994. During his twenty-nine year tenure, Roberts joined, and remained a member of, Local 82 of the Service Employees International Union ("the Union"), which was the exclusive bargaining agent for janitorial and maintenance employees at the University. The Union and the University were parties to a collective bargaining agreement which comprehensively defined the nature of the employment relationship for Union members employed by the University. That agreement established a three-step grievance procedure and included an arbitration provision.

In November 1994 Howard University began to implement a new "work force restructuring plan" for its non-faculty employees. In accordance with the restructuring plan, Roberts received a letter from the University's Vice President for Human Resources, dated November 30, 1994, informing him that his position was to be abolished on December 30 and that his employment with the University would be terminated at that time.

In June 1996 Roberts filed this suit against the Union, the University, and four University officials. He claimed that the University had breached duties owed to him under both the collective bargaining agreement and the employee handbook. He also alleged that the University did not have a consistent plan for reducing its work force and that it did not follow the restructuring plan when it terminated his employment.

The Union moved to dismiss the complaint under Super. Ct. Civ. R. 12(b)(6) for failure to state a claim upon which relief could be granted. According to the Union, Roberts' claims against it were based on laws of the District of Columbia which were "entirely pre-empted by section 301 of the Labor Management Relations Act." The trial court granted the motion and dismissed the claims against the Union because they were "subject to" section 301 of the LMRA and because Roberts had failed to plead them as such.

A few months later the University filed a similar motion, asserting that the claims against it were likewise pre-empted by federal law. The trial court granted that motion as well, dismissing the remainder of Roberts' claims. The court concluded that the resolution of the case depended on the interpretation of the collective bargaining agreement, which superseded both the employee handbook and the restructuring plan. It also ruled that Roberts' claims were pre-empted by section 301 of the LMRA. Because Roberts had failed to plead section 301 specifically in his complaint, the court held that the case must be dismissed.

## II

■ Section 301 of the LMRA "authorizes federal courts to fashion a body of federal law for the enforcement of ... collective bargaining agreements," *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), which "uniformly prevail[s] over inconsistent local rules." *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers v. Lucas Flour Co.*, 369 U.S. 95, 104, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Thus, in cases involving collective bargaining agreements, state laws purporting "to define the meaning or scope of a term in a contract suit [are] pre-empted by federal labor law." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Likewise, when the "resolution of [a] state law claim depends upon the meaning of a collective bargaining agreement," the state law claim is pre-empted. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405–406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

Roberts attempts to circumvent the pre-emption rule by asserting that his claims are based on the University's employee

handbook and its restructuring plan rather than the collective bargaining agreement. He challenges the trial court's holding that the collective bargaining agreement supersedes the handbook and the plan, relying on a single sentence in the restructuring plan which reads, "In the event the Collective Bargaining Agreement does not address specific elements covered by the Restructuring Plan, this Plan will govern." He asserts that the handbook constitutes a contract between him and the University, and maintains that the University breached that contract by failing to follow the handbook's procedures, failing to implement a consistent plan for restructuring its work force, and terminating him without adhering to procedures outlined in the restructuring plan.

The employee handbook expressly states, however, that its provisions are "not applicable to employees who are covered by Collective Bargaining contracts, unless they are incorporated by reference in the respective contracts." Roberts does not deny that, as a member of the Union, his employment at the University was covered by the collective bargaining agreement; in fact, he bases some of his claims on that agreement. Since he is covered by the agreement, the employee handbook by its own terms does not apply to him, and he cannot assert claims under it.[1] We are also not persuaded by Roberts' assertion that the restructuring plan superseded the agreement. The plan simply states that it will govern when the agreement does not address matters that are covered by the plan. Nowhere does it purport to supersede the collective bargaining agreement or any of its provisions. The trial court was correct in concluding that the collective bargaining agreement supersedes both the employee handbook and the restructuring plan. Roberts' claims, therefore, must either be treated as section 301 claims or dismissed as pre-empted by federal law. *See Allis–Chalmers, supra,* 471 U.S. at 220, 105 S.Ct. 1904.

However, although Roberts never specifically referred to section 301 of the LMRA in his complaint, that failure is not fatal. The "[m]ere omission of reference to LMRA § 301 in the complaint does not preclude ... jurisdiction" under that statute. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980). Rather, federal pre-emption principles require courts to recharacterize complaints such as Roberts' as arising under section 301. *Id.*[2] In his complaint, Roberts alleged he had been wrongfully discharged in violation of the collective bargaining agreement. He specifically claimed that the University had failed to provide seniority lists and notice of his termination to the Union, again in violation of the agreement. He also maintained that the Union had acted in bad faith and had breached its fiduciary duties under Article 22 of the agreement. Each of those allegations stated a claim cognizable under federal labor law. The court thus erred when it dismissed the complaint for failure specifically to plead section 301.

Nevertheless, we affirm the dismissal of the complaint because Roberts failed to exhaust his remedies under the

---

1. Even if the handbook did apply to Roberts, it did not constitute a contract. Although the issue of whether a personnel manual creates contractual rights is usually a question for the jury, *see Goos v. National Ass'n of Realtors,* 715 F.Supp. 2, 4 (D.D.C.1989) (citing *Washington Welfare Ass'n v. Wheeler,* 496 A.2d 613, 615 (D.C.1985)), any implied contract rights created by a personnel manual can be disclaimed. *Smith v. Union Labor Life Insurance Co.,* 620 A.2d 265, 269 (D.C.1993) (citing *Goos,* 715 F.Supp. at 4). The employee hand-book clearly states that it is not an employment contract. That ends the matter.

2. There can be no doubt that this obligation falls on state courts (including our Superior Court) when a potential section 301 claim is presented. The Supreme Court has held that state courts have concurrent jurisdiction with federal courts over claims arising under section 301. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

collective bargaining agreement. *See Garrett v. Washington Air Compressor Co.,* 466 A.2d 462, 464 n. 5 (D.C.1983) ("this court may affirm a decision for reasons other than those given by the trial court" (citations omitted)).[3] Federal labor law differs somewhat from the common law of contracts in its strict enforcement of exclusive grievance procedures and arbitration clauses in collective bargaining agreements. *See Lee Washington, Inc. v. Washington Motor Truck Transportation Employees Health & Welfare Trust,* 310 A.2d 604, 605–606 (D.C.1973). In the *Textile Workers* case in 1957, the Supreme Court held that arbitration provisions in a collective bargaining agreement should be specifically enforced. 353 U.S. at 451, 77 S.Ct. 912. Since then, courts have emphasized the duty to enforce arbitration clauses as one of the basic tenets of federal labor law. *E.g., Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964); *Elkes v. B'nai B'rith International,* 540 F.Supp. 98, 99 (D.D.C.1982); *Lee Washington,* 310 A.2d at 605. When a collective bargaining agreement establishes exclusive grievance and arbitration procedures and an employee resorts to the courts before the grievance procedures have been fully utilized, "the employer may defend on the ground that the employee has not exhausted the exclusive remedies available under the contract." *Jordan v. Washington Metropolitan Area Transit Authority,* 548 A.2d 792, 796 (D.C. 1988) (citation omitted).

■▬▬ There are some limited exceptions to the exhaustion requirement, but they do not apply here. For example, an employee need not exhaust his remedies when the employer's conduct "amounts to a repudiation of those contractual procedures." *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. 903. An employee may also "seek

judicial enforcement of ... contractual rights ... if ... the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if ... the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.* (emphasis in original). However, the employee may enforce the claim only when the union has breached its duty of fair representation to the employee, *i.e.,* when the "union's conduct toward [the employee] is arbitrary, discriminatory, or in bad faith." *Id.* at 190, 87 S.Ct. 903 (citations omitted). "[A] union does not breach its duty of fair representation ... merely because it settled the grievance short of arbitration." *Id.* at 192, 87 S.Ct. 903.

▬▬ In the present case, the collective bargaining agreement established exclusive grievance and arbitration procedures for aggrieved employees. *See Carmena v. Brown–Eagle Corp.,* 722 F.Supp. 264, 266 (M.D.La.1989) (interpreting similar language in an agreement to constitute an "exclusive and final remedy"). The University alleges, and Mr. Roberts does not dispute, that he never attempted to utilize those procedures. Though he claims that the Union acted in bad faith, the only support he provides for that claim is the allegation that the Union did not pursue his case further. That is not enough to get him into court. *See Vaca,* 386 U.S. at 192, 87 S.Ct. 903. Absent a showing of bad faith, Mr. Roberts was required to assert his claim through the grievance and arbitration procedures set forth in the collective bargaining agreement. His failure to do so requires dismissal of his civil complaint.

### III

To the extent that Mr. Roberts asserted claims based on District of Columbia law, those claims were properly dismissed as

---

**3.** The University argued the exhaustion issue below as an alternative ground for granting its motion for summary judgment, but the

trial court dismissed the case for a different reason. On appeal the University again advances its exhaustion argument in its brief.

pre-empted by federal law. Although Roberts' failure to plead section 301 of the LMRA specifically in his complaint does not warrant dismissal, his failure to exhaust his remedies under the collective bargaining agreement does. The judgment is therefore

*Affirmed.*