ASSOCIATION OF FRIGIDAIRE
MODEL MAKERS, et al.,
Plaintiffs,

v.

GENERAL MOTORS CORPORATION,
et al., Defendants.

No. C-3-81-343.

United States District Court,
S.D. Ohio, W.D.

July 1, 1988.

---

David L. Hall, Dayton, Ohio, for plaintiffs.

Joseph P. Buchanan, Dayton, Ohio, for defendant General Motors.

Richard F. Rice, Kettering, Ohio, for defendant Intern. Union.

DECISION AND ENTRY AFFIRMING THE VERDICT OF THE JURY; JUDGMENT ENTERED IN FAVOR OF THE PLAINTIFFS AND AGAINST THE DEFENDANTS; ORDER OF REFERENCE TO UNITED STATES MAGISTRATE TO ASSESS AMOUNT OF DAMAGES AND TO AFFIX THE SENIORITY RIGHTS AND OBLIGATIONS OF THE PARTIES, PURSUANT TO THE JURY VERDICT

RICE, District Judge.

This case is before the Court on the Order of Remand of the United States Court of Appeals for the Sixth Circuit (Doc. # 87). For the reasons set forth below, the Court concludes that the verdict of the jury must be affirmed and that judgment must ultimately be entered in favor of the Plaintiffs and against the Defendants.

This action was brought on June 24, 1981, pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S. C. § 185. Plaintiffs alleged that the Defendants breached labor contracts and their duty of fair representation by, *inter alia,* failing to classify Plaintiffs into new job categories and by failing to preserve their seniority. On June 23, 1982, following a civil trial, a jury found for Plaintiffs on the issue of liability. Subsequently, the Defendants filed Motions for Judgment Notwith-

standing the Verdict on the grounds that this lawsuit was filed beyond the proper statute of limitations period. In a Decision and Entry filed September 21, 1983, 573 F.Supp. 236 (S.D.Ohio 1983), this Court sustained Defendants' Motions for Judgment Notwithstanding the Verdict, concluding that Plaintiffs' action is barred by the statute of limitations (Doc. # 74). In so doing, the Court noted that while the question of the applicable statute of limitations in a hybrid 301 case was "open and unsettled" at the time of trial, the United States Supreme Court had since decided the case of *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) in which it held that the proper statute of limitations in a hybrid 301 action is the six-month statute found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (Doc. # 74, at 2). Plaintiffs thereafter appealed said Decision and Entry to the United States Court of Appeals for the Sixth Circuit. In a Decision filed July 22, 1985, the Sixth Circuit remanded the Plaintiffs' case to this Court "for a determination whether plaintiffs' January, 1981 attempt to file grievances prevented accrual of their claim until that time." *Adkins v. International Union of Electrical, Radio & Machine Workers,* 769 F.2d 330, 337 (6th Cir.1985).

## DISCUSSION

In its Decision in this case, the Sixth Circuit concluded that "where ... [a] union's alleged breach of duty is in a non-grievance context, as here, the employees' good-faith attempt to exhaust their contractual remedies will prevent the accrual of their action." *Id.* at 336. The Sixth Circuit went on to state that "there was no accrual of the claim for the purposes of the limitation period so long as plaintiffs were making a valid, timely, and non-frivolous attempt to pursue their contractual remedies in reasonable good faith." *Id.* The sole question facing this Court is whether the Plaintiffs' January, 1981 attempt to file grievances constituted such an attempt.[1]

---

**1.** All parties fully briefed the issue addressed within the body of this decision, to wit: whether

Plaintiffs' January, 1981, attempts to file grievances prevented accrual of the claim until that

Plaintiffs contend that in early January, 1981, certain letters, which were admitted into evidence as Plaintiffs' Exhibits 20 and 21, were sent by certified mail to Defendant Local 801 and Defendant General Motors respectively (Doc. # 94, at 1–2). After reviewing all of the evidence in the record, this Court concludes that said letters were indeed mailed by the Plaintiffs. The Court notes that both Plaintiffs' Exhibit 20 and Plaintiffs' Exhibit 21 are styled as grievances. Exhibit 20 specifically states: "This *grievance* is filed on behalf of all former Frigidaire model makers, apprentices, and upgraders at the time of Frigidaire's closing." Exhibit 21 includes virtually identical language. (Plaintiffs' Exh. 20; Plaintiffs' Exh. 21) (emphasis added). Based upon the foregoing, this Court concludes that Plaintiffs did *attempt* to file a grievance in January, 1981. The question which remains, however, is whether said attempt can be characterized as "valid, timely, and non-frivolous". *Adkins*, 769 F.2d at 336.

Before determining whether the Plaintiffs' attempt was indeed valid, the Court must first examine exactly what the Sixth Circuit meant when it required a *valid* attempt on the part of Plaintiffs. The Court first notes that, contrary to the assertions of Defendant General Motors, the Sixth Circuit did not require a valid *grievance,* but instead required a valid *attempt* to file a grievance. *See Adkins*, 769 F.2d at 336. Thus, the issue of whether Defendant Local 801 and/or Defendant General Motors actually received Plaintiffs' letters is irrelevant. The Sixth Circuit did not require a *successful* attempt, but instead merely required a *valid* attempt.

Defendants appear to argue that in order to be a "valid" attempt, an attempt must be objectively valid. In other words, Defendants would have this Court consider validity in terms of the potential for success. Thus, if the proper grievance procedure is not followed, or if in fact, no applicable grievance procedure exists, under the

Defendants' theory of objective validity, there could be no "valid" attempt because a grievance filed under those conditions could not possibly succeed. This Court concludes, however, that the Sixth Circuit does *not* require objective validity.

Both the Sixth Circuit and the jury determined that any attempt by the Plaintiffs in this case to use the grievance procedure was futile. *Id.* at 336. Despite the fact that any attempt to grieve would be futile, the Sixth Circuit did not conclude that any attempt by Plaintiffs to grieve was automatically invalid. Once the Sixth Circuit determined that a futile attempt could be a valid attempt, objective validity became a non-issue. Even if an attempt to grieve does not have a chance of succeeding, such an attempt can still be a valid one.

While it is clear that the Sixth Circuit does not require objective validity, this Court cannot conclude that the Sixth Circuit would merely require *purely* subjective validity. One of the basic ideas behind the statute of limitations is to prevent a person who has been injured in some way from resting on his/her oars. A person who is attempting to exhaust his/her contractual remedies is not resting upon his/her oars. In essence, the Sixth Circuit has concluded that it would be unfair to penalize someone who was making a reasonable, good-faith effort to exhaust administrative remedies before seeking judicial remedies. A valid attempt to file a grievance is one which is made in reasonable, good faith. In other words, the test for validity is whether or not a reasonable person, under the circumtances, would have believed that he/she was filing a valid grievance. This Court bases its conclusion that a reasonable person test (as opposed to a purely subjective test) is required upon the fact that the Sixth Circuit itself specifically required that Plaintiffs act "in *reasonable* good faith." *Id.* (emphasis added).[2]

time and the further question of whether an evidentiary hearing was needed to more fully develop the facts germane to that issue. (Doc. # 90, # 91, # 92). Each party eschewed the need for such a hearing. (Doc. # 90, # 91, # 92).

2. In addition, the Court finds the situation in the case at bar to be analogous to a situation in which the so-called "discovery rule" comes into play. Under the discovery rule, the time of accrual is *not* forever delayed. A plaintiff's ig-

■ The Court concludes that the Plaintiffs in this case did act in reasonable good faith, and thus, did make a valid attempt to file a grievance. It is true that a number of the Plaintiffs were familiar with the grievance procedure established by the collective bargaining agreement. It is also true that Plaintiff Shaw attempted to file an individual grievance regarding the issue of classification and was told that he could not do so. However, the Court notes that Plaintiffs were faced with a unique situation. A worker might ordinarily file a grievance over a denial of overtime, or a change in shift, or some other problem which is unique to that particular worker. In such situations, filing a grievance with the foreman seems logical, for there may well be some action which the foreman could take to rectify the situation. In the case at bar, Plaintiffs were faced with a situation in which an entire class of workers felt they had been wronged. It was not unreasonable for the Plaintiffs to conclude that the usual grievance procedure simply was not applicable to such a situation. This was obviously not the type of problem that a foreman could rectify. Accordingly, Plaintiffs sought relief from a higher authority. With no help whatsoever from their employer or from their union, Plaintiffs were attempting to protect their rights. Plaintiffs were factory workers, not attorneys, and given the intricacies of their collective bargaining agreement, their failure to understand that they were not filing a valid grievance is completely understandable.

Based upon the foregoing, the Court concludes that Plaintiffs did, in fact, make "a valid, timely,[3] and nonfrivolous [4] attempt to pursue their contractual remedies in reasonable good faith." *Id.* Accordingly, the Court concludes that Plaintiffs' January, 1981 attempt to file grievances did prevent the accrual of their claim until that time.[5] Thus, the jury verdict must be and hereby is affirmed.

The jury having concluded the liability issues in the captioned cause in favor of the Plaintiffs, the Court hereby refers that captioned cause to the United States Magistrate, Michael R. Merz, as a Special Master, pursuant to Fed.R.Civ.P. 53(b) subject to

norance as to his/her injury will not always delay the accrual of his/her claim. Instead, his/her claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the violation." *Adkins,* 769 F.2d at 335. There simply comes a point when there is no excuse for failing to realize that legal action is necessary. Similarly, in cases such as the case at bar, in which administrative action can delay accrual, the ignorance of a plaintiff will not always delay the accrual of his/her claim. There are times when there is no excuse for failing to realize that the action which is being taken is simply not sufficient to constitute the filing of a grievance. Thus, a *reasonable* person test is required.

3. The Court concludes that the issue of timeliness is simply one of the elements to be considered in determining whether the Plaintiffs were making a *reasonable* good-faith effort to exhaust their administrative remedies. Once again, the Court notes that the situation with which the Plaintiffs were faced was unique. A reasonable person could very well believe that the usual grievance procedures were inapplicable, and thus, that the usual time limitations were nonbinding. The Court does not believe that in this case the Plaintiffs knew or should have known that they were required to take any administrative action prior to January of 1981.

Accordingly, the Court concludes that Plaintiffs' attempt to pursue their contractual remedy was timely.

4. The Sixth Circuit has held that "an appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Dallo v. Immigration and Naturalization Service,* 765 F.2d 581, 589 (6th Cir.1985). In the case at bar, there is absolutely no evidence to the effect that Plaintiff's grievance was filed for any improper purpose. Thus, the Court concludes that Plaintiffs' attempt to grieve was not frivolous.

5. Defendant Unions assert that even if Plaintiffs' action accrued on January 2, 1981, Plaintiffs have not met their duty to produce evidence that the action accrued within six months of the date the lawsuit was brought on June 24, 1981 (Doc. #90, at 9). Defendants appear to argue that Plaintiffs are required to provide evidence that they became aware of some additional Union misconduct after December 24, 1980. This argument is without merit. Regardless of whether or not Plaintiffs became aware of additional misconduct after December 24, 1981, Plaintiffs possess a valid claim for their cause of action for misconduct occurring prior to that date, which did not accrue until some time after the Plaintiffs' January, 1981 attempt to grieve.

the powers enumerated in Fed.R.Civ.P. 53(c), with specific directions that the Magistrate assess the amount of damages and affix the seniority rights and obligations of the parties, pursuant to the jury verdict. Following the completion of whatever procedures are deemed necessary by the Magistrate to carry out the purpose of this referral, he is to provide this Court with a Report and Recommendations to which the aggrieved party or parties may file timely objections.